**SIRA & PAYNE, INC., Appellant,**

v.

**WALLACE & RIDDLE, a Partnership, Appellee.**

No. 17665.

Court of Civil Appeals of Texas, Dallas.

July 30, 1971.

Rehearing Denied Sept. 17, 1971.

Patrick F. McGowan, Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellant.

Robert W. Finklea, Finklea & Finklea, Dallas, for appellee.

BATEMAN, Justice.

The appellant Sira & Payne, Inc., being under a contract with the State of Texas to construct a highway in Bowie County, subcontracted to appellee Wallace & Riddle the work of excavating ditches. Tommie McDonald, an employee of appellee, was seriously injured when a ditch being excavated collapsed on him. The employee sued appellant and the case was later settled for $49,500. Appellant sued appellee seeking indemnity for the sum paid in settlement and expenses. Both parties filed motions for summary judgment. The court overruled appellant's motion and granted that of appellee. We affirm.

The subcontract contained the following two paragraphs:

"II

Subcontractor agrees to indemnify and hold Contractor harmless from any and all costs or damages arising out of any wrongs or injuries for damages, either real or asserted, claimed against Contractor that may be occasioned by the negligence or fault of Subcontractor, its agents, servants or employees.

"III

Subcontractor shall carry, pay for and maintain in force continuously during the life of this subcontract, workmen's compensation insurance, contractor's public liability insurance and automobile public liability insurance, with limits satisfactory and in companies acceptable to Contractor. * * *"

It appears from the undisputed summary judgment evidence that appellee carried workmen's compensation insurance in American Mutual Liability Insurance Com-

pany, which paid the injured employee, Tommie McDonald, a substantial sum and paid substantial medical expenses. That company then joined McDonald in a suit in the District Court of Bowie County, Texas against appellant and its superintendent, Foy Wardell, alleging numerous acts of negligence of appellant, several of which were based upon its alleged responsibility arising out of alleged negligent acts of appellee. Appellant tendered the defense thereof to appellee, but appellee refused to defend. The suit was tried and after verdict the District Judge of Bowie County set aside the verdict on his own motion. Thereafter, appellant paid the $49,500 in settlement.

The first question posed by this appeal is whether under these circumstances appellee was entitled to judgment in its favor as a matter of law; i. e., whether the above quoted indemnity agreement failed to obligate appellee "to pay indirectly when no liability existed to pay directly." West Texas Utilities Co. v. Renner, 53 S.W.2d 451, 456 (Tex.Com.App.1932, holdings app'd).

This case is controlled, we believe, by the opinion of the Supreme Court in City of Beaumont v. Graham, 441 S.W.2d 829 (Tex.Sup.1969). In that case Texas Tower & Construction Company had a written contract with the City to repair its water tank. Graham, an employee of the contractor, fell and was seriously injured. He sued the City, which filed a third party action against Texas Tower & Construction Company seeking indemnity or, alternatively, contribution. Both Texas Tower and the City were found by the jury to have been guilty of negligence proximately causing Graham's injuries, but the City sought to overcome the contractor's exemption from liability under the workmen's compensation law by showing that it had expressly assumed such liability by contract. The portions of the contract relied on by the City as providing indemnity to it, were as follows:

"THE CONTRACTOR and his Sureties shall indemnify and save harmless the OWNER and all its officers, agents, and employees from all suits, actions or claims of any character, name and description brought for or on account of any injuries or damages received or sustained by any person or persons or property, on account of any negligent act or fault of CONTRACTOR, his agents or employees, in the execution of said contract; * * * and will be required to pay any judgment, with costs, which may be obtained against the OWNER growing out of such injury or damage.

"The CONTRACTOR agrees to fully indemnify and save the City whole and harmless from all costs, expenses and damages arising out of any real or asserted cause of action, and from any and all costs arising from wrong, injury, or damage that may be occasioned to any person or property or to his employees, arising out of his acts in connection with the construction of the said improvements, or occasioned by said CONTRACTOR, his agents, servants or employees."

The Supreme Court held that that language did not evidence an intention of the parties that the contractor should indemnify the city for the consequences of its own negligent conduct, or for the consequences of the joint negligence of the parties, or for the consequences of the negligent conduct of the city and the non-negligent conduct of the contractor. The indemnity agreements in the two cases are quite similar. In both cases the indemnity is restricted to liabilities asserted against the indemnitee arising out of wrongs or injuries or negligent acts of the indemnitor. See also Texaco, Inc. v. Forester, 456 S.W.2d 196, 201 (Tex.Civ.App., Beaumont 1970, writ ref'd n. r. e.).

In our opinion the case before us does not fall in the category of cases in which the claim asserted against the indemnitee is for injuries resulting solely from the in-

demnitor's negligence, for which the indemnitee is alleged to be vicariously responsible. McDonald's amended petition, in his suit against Sira & Payne, Inc., a copy of which is attached to an affidavit filed in support of the latter's motion for summary judgment in the case at bar, alleged such vicarious responsibility of Sira & Payne, Inc., but also asserted that company's liability based on its sole negligence, as well as joint negligence of it and the subcontractor. These allegations, in our opinion, bring the case clearly within the rule of City of Beaumont v. Graham, supra.

All of appellant's points of error are overruled and the judgment is affirmed.